STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                        FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| **Trang Nguyen, Jany Phratsachack**, and **Siyha Xiong**,<br><br>          Plaintiffs,<br><br>vs.<br><br>**Officer Christopher Lokke** and **Officer Sundiata Bronson**, in their individual and official capacities, and **City of Minneapolis**,<br><br>          Defendants. | **COMPLAINT**<br><br>Court File No:<br><br>Case Type: Other<br><br>Judge: |

## INTRODUCTION

1. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the common and statutory law of the State of Minnesota, against Officer Christopher Lokke and Officer Sundiata Bronson, police officers of the City of Minneapolis, in their individual and official capacities, and against the City of Minneapolis.

2. It is alleged that the individual Police Officer Defendants retaliated against Plaintiffs for exercising their right to free speech, thereby violating their rights under the First Amendment to the United States Constitution. It is also alleged that the individual Police Officer Defendants made an unreasonable seizure of the persons of Plaintiffs, violating their rights under the Fourth Amendment to the United States Constitution. It is also alleged that the individual Police Officer Defendants treated Plaintiff Siyha Xiong in a manner that shocks

1

the conscience, thereby violating her right to due process of law under the Fourteenth Amendment to the United States Constitution. It is further alleged that these Defendants assaulted and battered Plaintiffs, inflicted intentional and negligent emotional distress upon Plaintiffs, and falsely imprisoned Plaintiff Trang Nguyen under Minnesota state law. It is also alleged that the individual Police Officer Defendants discriminated against Plaintiffs on the basis of their gender, in violation of the Fourteenth Amendment Equal Protection Clause and the Minnesota Human Rights Act. It is also alleged that these violations and torts were committed as a result of policies and customs of the City of Minneapolis.

## VENUE

3.  Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

## PARTIES

4.  Plaintiff Trang Nguyen was at all material times a resident of Brooklyn Park, Minnesota, and of full age.

5.  Plaintiff Jany Phratsachack was at all material times a resident of Bloomington, Minnesota, and of full age.

6.  Plaintiff Siyha Xiong was at all material times a resident of Burnsville, Minnesota, and of full age.

7.  Defendant Police Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law,

Exhibit B

to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

8.  The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Police Officers. Defendant City of Minneapolis is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Officers Lokke and Bronson.

## FACTS

9.  On March 6, 2011, at approximately 1:00 a.m., Plaintiffs Trang Nguyen, Jany Phratsachack, and Siyha Xiong exited Elixir Lounge, located at 322 N 1st Avenue in Minneapolis.

10.  After exiting the lounge, Plaintiffs walked up to an entry of a vacant building next door to Elixir to wait for their limousine. In an effort to avoid the cold weather, Plaintiffs situated themselves in front of a double glass door. Specifically, Ms. Xiong crouched towards the ground with her back towards the left side of the glass door. Plaintiffs Ms. Nguyen and Ms. Phratsachack were standing in front of Ms. Xiong, facing the glass door.

11.  Shortly thereafter, Defendant Officers Lokke and Bronson walked up towards this glass door from inside the vacant building, and Officer Bronson slammed door into Ms. Xiong two times using severe force. As he was slamming the door into Ms. Xiong, Officer Bronson was yelling, "Get the f**k out of here!"

12.  Because she was getting hit by the door, Ms. Xiong was unable to get up or move away. Next, Officer Bronson reached out with his hand, grabbed Ms. Xiong by her hair, and threw her into the sidewalk. Ms. Xiong landed on her hands and knees approximately three feet in front of the building.

Exhibit B

13. The Defendant Officers did not give Plaintiffs any warnings prior to slamming the door into Ms. Xiong and did not ask them to move.

14. Having just been assaulted by an unknown person, Ms. Xiong became extremely frightened and started to cry. Ms. Phratsachack also became extremely frightened and yelled out for help.

15. Once the Defendant Officer exited the building, Plaintiffs realized that Ms. Xiong had just been assaulted by police officers. Ms. Nguyen asked the Defendant Officers why they assaulted her friend. Officer Lokke replied, "Get the f**k out of here!" Ms. Nguyen repeated the question several times, but received the same response. Ms. Phratsachack and Ms. Xiong also voiced their discontent with the Defendant Officers' actions and abuse of power. During this exchange, the Defendant Officers repeatedly referred to Plaintiffs as "bitches" and "whores."

16. Ms. Nguyen next told the Defendant Officers that she and her friends had rights and that they were going to file a complaint against the officers. Officer Lokke responded, in a demeaning tone, "We've heard that before." Officer Lokke then threatened to arrest Plaintiffs if they did not leave the area.

17. Plaintiffs did not want to be arrested and started to walk away from the area, walking towards Washington Avenue. As Plaintiffs were walking away, the Defendant Officers continued to yell profanities at them, including, "Get the f**k out of here," "Bitches," and "Whores."

18. Because Plaintiffs intended to file a complaint against the Defendant Officers and did not know their names or badge numbers, Ms. Phratsachack decided to take some photographs of the Defendant Officers as Plaintiffs were walking away from the area.

4

19. When they turned around, Plaintiffs observed the Defendant Officers still standing next to the vacant building.

20. As soon as Ms. Phratsachack took out her camera, the Defendant Officers started to follow Plaintiffs towards Washington Avenue, and, shortly thereafter, Officer Lokke ran up towards Ms. Phratsachack and grabber her upper left arm using severe force. At the same time, Officer Lokke tried to take the camera out of Ms. Phratsachack's hand. Officer Lokke then stated, "You guys are going to jail for disorderly conduct!"

21. Ms. Nguyen told Officer Lokke that she and her friends had done nothing wrong and asked Officer Lokke why they were being arrested. Officer Lokke responded, "Shut up, you're going to jail!"

22. Ms. Phratsachack managed to get her arm out of Officer Lokke's grip and handed the camera to Ms. Nguyen. Officer Lokke then walked up to Ms. Nguyen, grabbed her arm, and pushed her into the wall. At the same time, Officer Bronson approached Ms. Phratsachack, pushed her, grabbed her arm, and then twisted her arm. Ms. Phratsachack managed to pull away from Officer Bronson and started to run away. Ms. Xiong followed Ms. Phratsachack away from the area. The Defendant Officers did not follow Ms. Phratsachack or Ms. Xiong.

23. As Ms. Phratsachack and Ms. Xiong were running away, Officer Lokke grabbed Ms. Nguyen's arms and twisted them behind her back. Officer Lokke then handcuffed Ms. Nguyen's hands behind her back.

24. Ms. Nguyen immediately felt intense pain in her wrists from the handcuffs being on too tight. Ms. Nguyen then asked the Defendant Officers to loosen her handcuffs, but the Defendant Officers ignored her requests.

Exhibit B

25. Ms. Nguyen stated that she had not done anything wrong to be arrested, and Officer Lokke responded, "You didn't shut your mouth." Ms. Nguyen asked Officer Lokke numerous times what she had done to be arrested, and he responded by saying, "You're going to jail is what," and, "Shut up." As he was saying these things, Officer Lokke was chuckling at Ms. Nguyen. After numerous attempts, Officer Lokke finally told Ms. Nguyen that she was being arrested for disorderly conduct.

26. At approximately 1:45 a.m., Ms. Nguyen was transported to the Hennepin County Jail, where she remained for approximately 3 hours.

27. At all times during the events described above, the Defendant Police Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

28. As a result of the Defendant Officers' actions, Plaintiff Trang Nguyen suffered physical and emotional injuries. Ms. Nguyen suffered pain and bruising on her wrists from the handcuffs being put on too tight and pain and bruising on her shoulder from being pushed into the wall by the Defendant Officers. Ms. Nguyen also suffered severe emotional anguish and distress, including depression, anxiety, nightmares, flashbacks, fear, stress, and insecurity. As a result of the Defendant Officers' arrest, Ms. Nguyen was also unlawfully detained and confined for approximately 4 hours.

29. As a result of the Defendant Officers' actions, Plaintiff Jany Phratsachack suffered physical and emotional injuries. Ms. Phratsachack endured pain and suffering to her left arm and developed a number of bruises on her left arm. The Defendant Officers' assault also resulted in pain and suffering to Ms. Phratsachack's neck and back areas. Ms. Phratsachack also

6

Exhibit B

suffered severe emotional anguish and distress, including depression, anxiety, nightmares, flashbacks, fear, stress, and insecurity. Ms. Phratsachack also sought out medical attention from her doctor to help control and alleviate the emotional anguish and distress caused by the Defendant Officers' actions and was prescribed prescription medication to relieve her anxiety.

30. As a result of the Defendant Officers' actions, Plaintiff Siyha Xiong suffered physical, emotional, and financial injuries. Ms. Xiong endured pain and suffering to her right hip and both of her knees and developed large bruises on her right hip and both of her knees. Ms. Xiong also suffered severe emotional anguish and distress, including depression, anxiety, nightmares, flashbacks, fear, stress, and insecurity. Ms. Xiong had to undergo mental counseling to help control and alleviate the emotional anguish and distress caused by the Defendant Officers' actions. Ms. Xiong had to stay in bed for 2 days following the encounter with the Defendant Officers and completely lost her appetite for 3 days following the incident. Ms. Xiong also missed one day of work because of the emotional distress, resulting in financial loss of $300.00.

## **INJURIES SUFFERED**

31. As a direct and proximate result of the said acts of the Defendant Police Officers, Plaintiff Trang Nguyen suffered the following injuries and damages:

    a. Violation of her constitutional right to free speech under the First Amendment to the United States Constitution;

    b. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person;

Exhibit B

    c.  Violation of her constitutional right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution;

    d.  Physical pain and suffering, in an amount in excess of $50,000;

    e.  Emotional trauma and suffering, in an amount in excess of $50,000.

32. As a direct and proximate result of the said acts of the Defendant Police Officers, Plaintiff Jany Phratsachack suffered the following injuries and damages:

    a.  Violation of her constitutional right to free speech under the First Amendment to the United States Constitution;

    b.  Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person;

    c.  Violation of her constitutional right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution;

    d.  Physical pain and suffering, in an amount in excess of $50,000;

    e.  Emotional trauma and suffering, in an amount in excess of $50,000.

33. As a direct and proximate result of the said acts of the Defendant Police Officers, Plaintiff Siyha Xiong suffered the following injuries and damages:

    a.  Violation of her constitutional right to free speech under the First Amendment to the United States Constitution;

    b.  Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person;

    c.  Violation of her constitutional right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution;

Exhibit B

    d.  Violation of her constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution;

    e.  Physical pain and suffering, in an amount in excess of $50,000;

    f.  Emotional trauma and suffering, in an amount in excess of $50,000;

    g.  Loss of income, in an amount of $300.

34. The actions of the Defendant Police Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff Trang Nguyen:

    a.  Right to free speech;

    b.  Freedom from unreasonable seizures of her person;

    c.  Freedom from the use of excessive, unreasonable, and unjustified force against her person;

    d.  Right to equal protection of the laws.

35. The actions of the Defendant Police Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff Jany Phratsachack:

    a.  Right to free speech;

    b.  Freedom from unreasonable seizures of her person;

    c.  Freedom from the use of excessive, unreasonable, and unjustified force against her person;

    d.  Right to equal protection of the laws.

36. The actions of the Defendant Police Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff Siyha Xiong:

    a.  Right to free speech;

    b.  Freedom from unreasonable seizures of her person;

Exhibit B

   c.  Freedom from the use of excessive, unreasonable, and unjustified force against her person;

   d.  Right to equal protection of the laws;

   e.  Right to due process of law.

## CLAIMS FOR RELIEF

### COUNT 1 (PLAINTIFF TRANG NGUYEN): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST INDIVIDUAL DEFENDANTS

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Nguyen's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Ms. Nguyen exercised her right to free speech protected by the First Amendment when she expressed her discontent with the Defendant Officers' conduct, threatened to file a report against the Defendant Officers, and attempted to photograph the Defendant Officers for the purpose of filing the complaint. The Defendant Officers took action against Ms. Nguyen that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they instructed Ms. Nguyen to "get the f**k out of here," threatened to arrest Ms. Nguyen, followed Ms. Nguyen, assaulted Ms. Nguyen without justification, prevented Ms. Nguyen from photographing the officers, and arrested Ms. Nguyen without probable cause. The Defendant Officers engaged in this conduct against Ms. Nguyen in retaliation for exercising her First Amendment right to free speech.

39. As a result of these constitutional violations, Ms. Nguyen suffered damages as aforesaid.

Exhibit B

**COUNT 2 (PLAINTIFF TRANG NGUYEN): 42 U.S.C. § 1983 – UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS**

40. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

41. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Nguyen's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when Officer Lokke grabbed Ms. Nguyen's arms, pushed her into the wall, twisted her arms, and put the handcuffs on too tight, all without justification.

42. As a result of these constitutional violations, Ms. Nguyen suffered damages as aforesaid.

**COUNT 3 (PLAINTIFF TRANG NGUYEN): 42 U.S.C. § 1983 – UNREASONABLE SEIZURE AND FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS**

43. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

44. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Nguyen's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested Ms. Nguyen, took her into custody, and booked her into the Hennepin County Jail, all without a warrant and without probable cause to believe that Ms. Nguyen had committed a crime.

45. As a result of these constitutional violations, Ms. Nguyen suffered damages as aforesaid.

**COUNT 4 (PLAINTIFF TRANG NGUYEN): 42 U.S.C. § 1983 – VIOLATION OF EQUAL PROTECTION OF THE LAWS AGAINST INDIVIDUAL DEFENDANTS**

46. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

47. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Nguyen's constitutional right to the

Exhibit B

equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Specifically, Officers Lokke and Bronson treated Ms. Nguyen, a female, differently and improperly on the basis of her gender by referring to Ms. Nguyen and her friends as "bitches" and "whores," assaulting Ms. Nguyen without justification, and arresting Ms. Nguyen without probable cause.

48. As a result of these constitutional violations, Ms. Nguyen suffered damages as aforesaid.

### COUNT 5 (PLAINTIFF TRANG NGUYEN): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION, UNREASONABLE SEIZURE AND EXCESSIVE FORCE, AND VIOLATION OF EQUAL PROTECTION AGAINST THE CITY OF MINNEAPOLIS

49. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

50. Prior to March 6, 2011, Defendant City of Minneapolis developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Minneapolis, which caused the constitutional violations of Ms. Nguyen's rights.

51. As a result of these policies and/or customs, employees of the City of Minneapolis, including Defendant Officers Lokke and Bronson, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. These policies and/or customs were the cause of the violations of Ms. Nguyen's constitutional rights alleged herein.

### COUNT 6 (PLAINTIFF TRANG NGUYEN): MINN. STAT. § 363A.12 – GENDER DISCRIMINATION AGAINST THE CITY OF MINNEAPOLIS

53. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

54. Based on the above factual allegations, the City of Minneapolis discriminated against Ms. Nguyen in the access to, admission to, full utilization of, or benefit from a public service

Exhibit B

because of her gender. Specifically, Officers Lokke and Bronson discriminated against Ms. Nguyen, a female, on the basis of her gender by referring to Ms. Nguyen and her friends as "bitches" and "whores," assaulting Ms. Nguyen without justification, and arresting Ms. Nguyen without probable cause.

55. As a result of this discrimination, Ms. Nguyen suffered damages as aforesaid.

### COUNT 7 (PLAINTIFF TRANG NGUYEN): ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

56. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

57. Based on the above factual allegations, Defendant Officers Lokke and Bronson assaulted Ms. Nguyen. Specifically, Defendant Officers Lokke and Bronson engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Ms. Nguyen in immediate, imminent, and direct fear and apprehension of an offensive touching by the Defendant Officers when Officer Lokke grabbed Ms. Nguyen's arms, pushed her into the wall, twisted her arms, handcuffed Ms. Nguyen, and put the handcuffs on too tight, all without justification.

58. As a direct and proximate result of this assault, Ms. Nguyen suffered damages as aforesaid.

### COUNT 8 (PLAINTIFF TRANG NGUYEN): BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

59. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

60. Based on the above factual allegations, Defendant Officers Lokke and Bronson battered Ms. Nguyen. Specifically, Defendant Officers Lokke and Bronson engaged in intentional, offensive, and unpermitted contact with Ms. Nguyen when Officer Lokke grabbed Ms. Nguyen's arms, pushed her into the wall, twisted her arms, handcuffed Ms. Nguyen, and put the handcuffs on too tight, all without justification.

Exhibit B

61. As a direct and proximate result of this battery, Ms. Nguyen suffered damages as aforesaid.

## COUNT 9: (PLAINTIFF TRANG NGUYEN) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

62. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

63. Based on the above factual allegations, Defendant Officers Lokke and Bronson inflicted intentional emotional distress upon Ms. Nguyen. Specifically, Defendant Officers Lokke and Bronson engaged in intentional or reckless conduct that was extreme and outrageous when Officer Lokke grabbed Ms. Nguyen's arms, pushed her into the wall, twisted her arms, handcuffed Ms. Nguyen, and put the handcuffs on too tight, all without justification, and when the Defendant Officers arrested Ms. Nguyen and booked her into the Hennepin County Jail without probable cause that Ms. Nguyen had committed a crime. The Defendant Officers' conduct caused Ms. Nguyen to suffer physical injuries and severe emotional distress.

64. As a direct and proximate result of this intentional infliction of emotional distress, Ms. Nguyen suffered damages as aforesaid.

## COUNT 10 (PLAINTIFF TRANG NGUYEN): NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

65. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

66. Based on the above factual allegations, Defendant Officers Lokke and Bronson negligently inflicted emotional distress upon Ms. Nguyen. Specifically, Defendant Officers Lokke and Bronson engaged in negligent conduct that placed Ms. Nguyen in a zone of danger of physical impact created by the negligence of the Defendant Officers when Officer Lokke grabbed Ms. Nguyen's arms, pushed her into the wall, twisted her arms, handcuffed Ms. Nguyen, and put the handcuffs on too tight, all without justification. As a result of this

Exhibit B

negligent conduct, Ms. Nguyen feared for her safety and suffered severe emotional distress with attendant physical manifestations.

67. As a direct and proximate result of this negligent infliction of emotional distress, Ms. Nguyen suffered damages as aforesaid.

## COUNT 11 (PLAINTIFF TRANG NGUYEN): FALSE IMPRISONMENT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

68. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

69. Based on the above factual allegations, Defendant Officers Lokke and Bronson falsely imprisoned Ms. Nguyen. Specifically, Defendant Officers Lokke and Bronson intended to confine Ms. Nguyen when they handcuffed Ms. Nguyen, placed her under arrest, took her into custody, and booked her into the Hennepin County Jail, all without probable cause or other legal justification. As a result of the Defendant Officers' unlawful arrest, Ms. Nguyen was actually and unlawfully confined for approximately 4 hours, and Ms. Nguyen was aware that she was being unlawfully confined by the Defendant Officers.

70. As a direct and proximate result of this false imprisonment, Ms. Nguyen suffered damages as aforesaid.

## COUNT 12 (PLAINTIFF JANY PHRATSACHACK): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST INDIVIDUAL DEFENDANTS

71. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

72. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Phratsachack's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Ms. Phratsachack exercised his right to free speech protected by the First Amendment when she expressed her discontent with the Defendant Officers' conduct, yelled out for help, and

Exhibit B

attempted to photograph the Defendant Officers for the purpose of filing a complaint against them. The Defendant Officers took action against Ms. Phratsachack that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they instructed Ms. Phratsachack to "get the f**k out of here," threatened to arrest Ms. Phratsachack, followed Ms. Phratsachack, assaulted Ms. Phratsachack without justification, interfered with Ms. Phratsachack's attempts to photograph the officers, and attempted to arrest Ms. Phratsachack without probable cause. The Defendant Officers engaged in this conduct against Ms. Phratsachack in retaliation for exercising her First Amendment right to free speech.

73. As a result of these constitutional violations, Ms. Phratsachack suffered damages as aforesaid.

### COUNT 13 (PLAINTIFF JANY PHRATSACHACK): 42 U.S.C. § 1983 – UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

74. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

75. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Phratsachack's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when the Defendant Officers pushed Ms. Phratsachack, grabbed her arm, and twisted her arm, all without justification.

76. As a result of these constitutional violations, Ms. Phratsachack suffered damages as aforesaid.

Exhibit B

**COUNT 14 (PLAINTIFF JANY PHRATSACHACK): 42 U.S.C. § 1983 – VIOLATION OF EQUAL PROTECTION OF THE LAWS AGAINST INDIVIDUAL DEFENDANTS**

77. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

78. Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Phratsachack's constitutional right to the equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Specifically, Officers Lokke and Bronson treated Ms. Phratsachack, a female, differently and improperly on the basis of her gender by referring to Ms. Phratsachack and her friends as "bitches" and "whores," assaulting Ms. Phratsachack without justification, and threatening and attempting to arrest Ms. Phratsachack without probable cause.

79. As a result of these constitutional violations, Ms. Phratsachack suffered damages as aforesaid.

**COUNT 15 (PLAINTIFF JANY PHRATSACHACK): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION, UNREASONABLE SEIZURE AND EXCESSIVE FORCE, AND VIOLATION OF EQUAL PROTECTION AGAINST THE CITY OF MINNEAPOLIS**

80. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

81. Prior to March 6, 2011, Defendant City of Minneapolis developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Minneapolis, which caused the constitutional violations of Ms. Phratsachack's rights.

82. As a result of these policies and/or customs, employees of the City of Minneapolis, including Defendant Officers Lokke and Bronson, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

83. These policies and/or customs were the cause of the violations of Ms. Phratsachack's constitutional rights alleged herein.

Exhibit B

### COUNT 16 (PLAINTIFF JANY PHRATSACHACK): MINN. STAT. § 363A.12 – GENDER DISCRIMINATION AGAINST THE CITY OF MINNEAPOLIS

84. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

85. Based on the above factual allegations, the City of Minneapolis discriminated against Ms. Phratsachack in the access to, admission to, full utilization of, or benefit from a public service because of her gender. Specifically, Officers Lokke and Bronson discriminated against Ms. Phratsachack, a female, on the basis of her gender by referring to Ms. Phratsachack and her friends as "bitches" and "whores," assaulting Ms. Phratsachack without justification, and threatening and attempting to arrest Ms. Phratsachack without probable cause.

86. As a result of this discrimination, Ms. Phratsachack suffered damages as aforesaid.

### COUNT 17 (PLAINTIFF JANY PHRATSACHACK): ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

87. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

88. Based on the above factual allegations, Defendant Officers Lokke and Bronson assaulted Ms. Phratsachack. Specifically, Defendant Officers Lokke and Bronson engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Ms. Phratsachack in immediate, imminent, and direct fear and apprehension of an offensive touching by the Defendant Officers when the Defendant Officers pushed Ms. Phratsachack, grabbed her arm, and twisted her arm, all without justification.

89. As a direct and proximate result of this assault, Ms. Phratsachack suffered damages as aforesaid.

Exhibit B

**COUNT 18 (PLAINTIFF JANY PHRATSACHACK): BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

90. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

91. Based on the above factual allegations, Defendant Officers Lokke and Bronson battered Ms. Phratsachack. Specifically, Defendant Officers Lokke and Bronson engaged in intentional, offensive, and unpermitted contact with Ms. Phratsachack when the Defendant Officers pushed Ms. Phratsachack, grabbed her arm, and twisted her arm, all without justification.

92. As a direct and proximate result of this battery, Ms. Phratsachack suffered damages as aforesaid.

**COUNT 19: (PLAINTIFF JANY PHRATSACHACK) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

93. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

94. Based on the above factual allegations, Defendant Officers Lokke and Bronson inflicted intentional emotional distress upon Ms. Phratsachack. Specifically, Defendant Officers Lokke and Bronson engaged in intentional or reckless conduct that was extreme and outrageous when the Defendant Officers pushed Ms. Phratsachack, grabbed her arm, and twisted her arm, all without justification, and when the Defendant Officers threatened and attempted to arrest Ms. Phratsachack without probable cause that she had committed a crime. The Defendant Officers' conduct caused Ms. Phratsachack to suffer physical injuries and severe emotional distress.

95. As a direct and proximate result of this intentional infliction of emotional distress, Ms. Phratsachack suffered damages as aforesaid.

Exhibit B

**COUNT 20 (PLAINTIFF JANY PHRATSACHACK): NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

96. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

97. Based on the above factual allegations, Defendant Officers Lokke and Bronson negligently inflicted emotional distress upon Ms. Phratsachack. Specifically, Defendant Officers Lokke and Bronson engaged in negligent conduct that placed Ms. Phratsachack in a zone of danger of physical impact created by the negligence of the Defendant Officers when the Defendant Officers pushed Ms. Phratsachack, grabbed her arm, and twisted her arm, all without justification, and when the Defendant Officers threatened and attempted to arrest Ms. Phratsachack without probable cause that she had committed a crime. As a result of this negligent conduct, Ms. Phratsachack feared for her safety and suffered severe emotional distress with attendant physical manifestations.

98. As a direct and proximate result of this negligent infliction of emotional distress, Ms. Phratsachack suffered damages as aforesaid.

**COUNT 21 (PLAINTIFF SIYHA XIONG): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST INDIVIDUAL DEFENDANTS**

99. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

100.    Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Xiong's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Ms. Xiong exercised his right to free speech protected by the First Amendment when she expressed her discontent with the Defendant Officers' conduct, cried after Officer Bronson assaulted her, and accompanied her friends while they attempted to photograph the Defendant Officers for the purpose of filing a complaint against them. The Defendant

Exhibit B

Officers took action against Ms. Xiong that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they instructed Ms. Xiong to "get the f**k out of here," threatened to arrest Ms. Xiong, followed Ms. Xiong, and attempted to arrest Ms. Xiong without probable cause. The Defendant Officers engaged in this conduct against Ms. Xiong in retaliation for exercising her First Amendment right to free speech.

101.    As a result of these constitutional violations, Ms. Xiong suffered damages as aforesaid.

#### COUNT 22 (PLAINTIFF SIYHA XIONG): 42 U.S.C. § 1983 – UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

102.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

103.    Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Xiong's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when the Defendant Officers slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification.

104.    As a result of these constitutional violations, Ms. Xiong suffered damages as aforesaid.

#### COUNT 23 (PLAINTIFF SIYHA XIONG): 42 U.S.C. § 1983 – VIOLATION OF EQUAL PROTECTION OF THE LAWS AGAINST INDIVIDUAL DEFENDANTS

105.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

106.    Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Xiong's constitutional right to the equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Specifically, Officers Lokke and Bronson treated Ms. Xiong, a female, differently and improperly on the basis of her gender by referring to Ms. Xiong and her

Exhibit B

friends as "bitches" and "whores," assaulting Ms. Xiong without justification, and threatening and attempting to arrest Ms. Xiong without probable cause.

107.    As a result of these constitutional violations, Ms. Xiong suffered damages as aforesaid.

### COUNT 24 (PLAINTIFF SIYHA XIONG): 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS OF LAW AGAINST INDIVIDUAL DEFENDANTS

108.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

109.    Based on the above factual allegations, Defendant Officers Lokke and Bronson, through their actions, acting under the color of state law, violated Ms. Xiong's constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution. Specifically, Officers Lokke and Bronson engaged in arbitrary, egregious, and outrageous conduct that is shocking to the conscience when they slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification.

110.    As a result of these constitutional violations, Ms. Xiong suffered damages as aforesaid.

### COUNT 25 (PLAINTIFF SIYHA XIONG): 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION, UNREASONABLE SEIZURE AND EXCESSIVE FORCE, VIOLATION OF EQUAL PROTECTION, AND VIOLATION OF DUE PROCESS OF LAW AGAINST THE CITY OF MINNEAPOLIS

111.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

112.    Prior to March 6, 2011, Defendant City of Minneapolis developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Minneapolis, which caused the constitutional violations of Ms. Xiong's rights.

113.    As a result of these policies and/or customs, employees of the City of Minneapolis, including Defendant Officers Lokke and Bronson, believed that their actions would not be

Exhibit B

properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

114.    These policies and/or customs were the cause of the violations of Ms. Xiong's constitutional rights alleged herein.

### COUNT 26 (PLAINTIFF SIYHA XIONG): MINN. STAT. § 363A.12 – GENDER DISCRIMINATION AGAINST THE CITY OF MINNEAPOLIS

115.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

116.    Based on the above factual allegations, the City of Minneapolis discriminated against Ms. Xiong in the access to, admission to, full utilization of, or benefit from a public service because of her gender. Specifically, Officers Lokke and Bronson discriminated against Ms. Xiong, a female, on the basis of her gender by referring to Ms. Xiong and her friends as "bitches" and "whores," assaulting Ms. Xiong without justification, and threatening and attempting to arrest Ms. Xiong without probable cause.

117.    As a result of this discrimination, Ms. Xiong suffered damages as aforesaid.

### COUNT 27 (PLAINTIFF SIYHA XIONG): ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

118.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

119.    Based on the above factual allegations, Defendant Officers Lokke and Bronson assaulted Ms. Xiong. Specifically, Defendant Officers Lokke and Bronson engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Ms. Xiong in immediate, imminent, and direct fear and apprehension of an offensive touching by the Defendant Officers when the Defendant Officers slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification.

Exhibit B

120.    As a direct and proximate result of this assault, Ms. Xiong suffered damages as aforesaid.

## COUNT 28 (PLAINTIFF SIYHA XIONG): BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

121.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

122.    Based on the above factual allegations, Defendant Officers Lokke and Bronson battered Ms. Xiong. Specifically, Defendant Officers Lokke and Bronson engaged in intentional, offensive, and unpermitted contact with Ms. Xiong when the Defendant Officers slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification.

123.    As a direct and proximate result of this battery, Ms. Xiong suffered damages as aforesaid.

## COUNT 29: (PLAINTIFF SIYHA XIONG) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

124.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

125.    Based on the above factual allegations, Defendant Officers Lokke and Bronson inflicted intentional emotional distress upon Ms. Xiong. Specifically, Defendant Officers Lokke and Bronson engaged in intentional or reckless conduct that was extreme and outrageous when the Defendant Officers slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification, and when the Defendant Officers threatened and attempted to arrest Ms. Xiong without probable cause that she had committed a crime. The Defendant Officers' conduct caused Ms. Xiong to suffer physical injuries and severe emotional distress.

126.    As a direct and proximate result of this intentional infliction of emotional distress, Ms. Xiong suffered damages as aforesaid.

Exhibit B

### COUNT 30 (PLAINTIFF SIYHA XIONG): NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

127.    Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

128.    Based on the above factual allegations, Defendant Officers Lokke and Bronson negligently inflicted emotional distress upon Ms. Xiong. Specifically, Defendant Officers Lokke and Bronson engaged in negligent conduct that placed Ms. Xiong in a zone of danger of physical impact created by the negligence of the Defendant Officers when the Defendant Officers slammed the door into Ms. Xiong using severe force, grabbed Ms. Xiong by her hair, and threw Ms. Xiong into the sidewalk by her hair, all without justification, and when the Defendant Officers threatened and attempted to arrest Ms. Xiong without probable cause that she had committed a crime. As a result of this negligent conduct, Ms. Xiong feared for her safety and suffered severe emotional distress with attendant physical manifestations.

129.    As a direct and proximate result of this negligent infliction of emotional distress, Ms. Xiong suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, the Plaintiffs request that this Court grant the following relief:**

a.    Issue a declaratory judgment declaring that the Defendants violated Plaintiffs' constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

b.    Issue an order granting Plaintiff Trang Nguyen judgment against Defendants, finding that Defendants violated her constitutional rights to free speech, to remain free from unreasonable seizures and excessive use of force, and to equal protection of the laws under the First, Fourth, and Fourteenth Amendment to the United States Constitution, and finding

Exhibit B

that Defendants are liable to Plaintiff Trang Nguyen for all damages resulting from these violations;

c.  Issue an order granting Plaintiff Jany Phratsachack judgment against Defendants, finding that Defendants violated her constitutional rights to free speech, to remain free from unreasonable seizures and excessive use of force, and to equal protection of the laws under the First, Fourth, and Fourteenth Amendment to the United States Constitution, and finding that Defendants are liable to Plaintiff Jany Phratsachack for all damages resulting from these violations;

d.  Issue an order granting Plaintiff Siyha Xiong judgment against Defendants, finding that Defendants violated her constitutional rights to free speech, to remain free from unreasonable seizures and excessive use of force, to equal protection of the laws, and to due process of law under the First, Fourth, and Fourteenth Amendment to the United States Constitution, and finding that Defendants are liable to Plaintiff Siyha Xiong for all damages resulting from these violations;

e.  Issue an order granting Plaintiffs Trang Nguyen, Jany Phratsachack, and Siyha Xiong judgment against Defendants, finding that Defendants discriminated against them on the basis of their gender in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.12, and that Defendants are liable to Plaintiffs for all damages resulting from this violation;

f.  Issue an order granting Plaintiffs Trang Nguyen, Jany Phratsachack, and Siyha Xiong judgment against Defendants, finding that Defendants committed the torts of assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress against Plaintiffs under Minnesota state law and that Defendants are liable to Plaintiffs for all damages resulting from these torts;

Exhibit B

g. Issue an order granting Plaintiff Trang Nguyen judgment against Defendants, finding that Defendants committed the tort of false imprisonment against her and that Defendants are liable to Plaintiff Trang Nguyen for all damages resulting from this tort;

h. Award of compensatory damages to Plaintiff Trang Nguyen against all Defendants, jointly and severally, in an amount in excess of $50,000;

i. Award of compensatory damages to Plaintiff Jany Phratsachack against all Defendants, jointly and severally, in an amount in excess of $50,000;

j. Award of compensatory damages to Plaintiff Siyha Xiong against all Defendants, jointly and severally, in an amount in excess of $50,000;

k. Award of reasonable attorney's fees and costs to Plaintiffs pursuant to 42 U.S.C. § 1988;

l. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFFS, TRANG NGUYEN, JANY PHRATSACHACK, AND SIYHA XIONG, HEREBY DEMAND A JURY TRIAL.**

Respectfully submitted,

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: _10/10/2011_

By: _____
ZORISLAV R. LEYDERMAN
Attorney at Law
Attorney License No. 0391286
701 4th Avenue South, Suite 500
Minneapolis, MN 55415
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

Exhibit B

# ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be awarded pursuant to Minn.

Stat. § 549.211, to the party against whom all allegations in this pleading are asserted.

Dated:  10/10/2011                       By: _____
                                             ZORISLAV R. LEYDERMAN

28

Exhibit B